UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
WAYNE DABBS,

        Plaintiff,                        22 Civ.

       v.                                  <u>COMPLAINT</u>

METRO-NORTH COMMUTER RAILROAD,       JURY TRIAL REQUESTED

        Defendant.
----------------------------------------------------------------------X

      Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

## THE PARTIES

1.      The plaintiff is a resident of the State of New York, County of Westchester, and City of Peekskill.

2.      The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

3.      Prior to June 11, 2019, and at all times hereinafter mentioned, the defendant employed the plaintiff as an Elevator Operator under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4.      Prior to June 11, 2019 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Peekskill Train Station, Peekskill, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5.      During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On June 11, 2019, the plaintiff, employed as an Elevator Operator at the direction and training of defendant, when plaintiff was taking the northbound side elevator to an overpass over the railroad tracks when the elevator started to go up but suddenly dropped, stopped and then dropped again and then started shoot up, only to drop again causing injuring plaintiff's legs/knees and back.

11. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

12. Plaintiff's injuries include, but are not limited to, to his knees and back.

## COUNT I
## Violation of FELA

13. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

15. On or about June 11, 2019, while the plaintiff, an employee of the defendant, was in the performance of his duties as an Elevator Operator at the Peekskill Train Station, Peekskill, New York,

the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

    a. in failing to provide plaintiff with a reasonably safe place to work;

    b. in failing to warn plaintiff of its defective elevator;

    c. in failing to fix and/or repair elevator;

    d. in failing to failing to put the elevator out of service;

    e. in failing to inspect and maintain the elevator;

    f. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17. The plaintiff was damaged thereby in a sum in excess of $200,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS; together with the costs and disbursements of this action.

          Respectfully submitted

    By: _____
          MARC WIETZKE
    FLYNN & WIETZKE, PC
    1205 Franklin Avenue
    Garden City, NY 11530
    Tel.: (516) 877-1234
    E-mail: MWietzke@felaattorney.com